MEYLAN DAVITT JAIN AREVIAN & KIM LLP
RAYMOND B. KIM (SBN 162756)
D. DAMON WILLENS (SBN 137273)
MICHAEL N. JONES (SBN 244320)
444 South Flower Street, Suite 1850
Los Angeles, California 90071
Telephone: (213) 225-6000
Facsimile: (213) 225-6660
Emails: rkim@mdjalaw.com
        dwillens@mdjalaw.com
        mjones@mdjalaw.com

Attorneys for Defendants CLIENTS ON DEMAND, LLC and RUSSELL RUFFINO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENDRICK DAVIS on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLIENTS ON DEMAND, LLC and RUSSELL RUFFINO,<br><br>Defendants. | CASE NO. 2:23-cv-10541-JLS-SSC<br><br>**PROTECTIVE ORDER (AND STIPULATION RE SAME)**<br><br>Assigned to Honorable Josephine L. Staton<br><br>Action Filed: 12/15/2023 |

IT IS HEREBY STIPULATED, subject to the approval of the Court that:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (hereafter the "Order"). The Parties

1  acknowledge that this Order does not confer blanket protections on all disclosures or
2  responses to discovery and that the protection it affords from public disclosure and use
3  extends only to the limited information, documents, or items that are entitled to
4  confidential treatment under the applicable legal principles.

5        The Parties further acknowledge that this Stipulated Protective Order does not
6  entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth
7  the procedures that must be followed and the standards that will be applied when a party
8  seeks permission from the Court to file material under seal.

9        The entry of this Order does not preclude any Party from seeking a further order
10 of this Court as appropriate. Nothing herein shall be construed to affect in any manner
11 the admissibility at trial or any other court proceeding of any document, testimony, or
12 other evidence.

13 2.   <u>GOOD CAUSE STATEMENT</u>

14       Good cause exists for entry of this Stipulated Protective Order because this action
15 is likely to involve private or proprietary information, such as Defendants' confidential
16 policies and procedures, competitively sensitive business information, customer records,
17 and financial information, for which special protection from public disclosure and from
18 use for any purpose other than prosecution of this action is warranted.

19       Based on information requested and the nature of the case, the Parties anticipate
20 that they will disclose, produce, or exchange information, documents, and tangible
21 things that reflect sensitive personal, financial, and/or proprietary information, such as
22 trade secrets (including marketing information, program materials, financial records,
23 business strategy, customer information, and/or personally identifiable information).
24 Private information of third parties may also be disclosed. It is important that this
25 information remain protected and not be readily available due to the dangers of identity
26 theft, the constitutional privacy rights of third parties, and protection of business
27 competition interests. The unrestricted or unprotected disclosure of such private,
28 financial, and/or business information would result in prejudice or harm to the

Producing Party and/or third parties by revealing their information, which could result in identity theft, loss of business, and/or violation of federal, state, and other privacy laws.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. <u>DEFINITIONS</u>

3.1. <u>Action</u>: *KENDRICK DAVIS on behalf of himself and all others similarly situated, Plaintiff, vs. CLIENTS ON DEMAND, LLC and RUSSELL RUFFINO, Defendants*, Case No. 2:23-cv-10541-JLS-SSC.

3.2. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3. "<u>CONFIDENTIAL</u>" <u>Material</u>: information (regardless of how it is generated, stored, or maintained) or tangible things for which there is good cause for secrecy under Federal Rule of Civil Procedure 26(c)—that is, information that, if disclosed, will cause a clearly defined and serious injury to the Designating Party (defined below) that outweighs the public's interest in disclosure. Examples of such information include social security or taxpayer-identification numbers; names of minor children; financial account numbers; non-public company financial and performance

information; customer financial and performance information; and trade secrets or other similar information, including any formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use. "CONFIDENTIAL" Material also includes information that a party is required to maintain as confidential under the terms of an agreement or any applicable law. "CONFIDENTIAL Material" does not include any information that:

    a.    is publicly available at the time of disclosure;

    b.    becomes publicly available after disclosure through no fault of the receiving party (defined below);

    c.    was known to the receiving party prior to disclosure, and which material is not otherwise subject to an independent confidentiality agreement or protective order; or

    d.    that the receiving party lawfully receives at a later date from a third party without restriction as to disclosure, and which material is not otherwise subject to an independent confidentiality agreement or protective order.

    3.4.    <u>Counsel</u>: Outside Counsel of Record, Other Outside Counsel, and In-House Counsel (as well as their support staff).

    3.5.    <u>Designating Party</u>: a Party or Non-Party that designates as "CONFIDENTIAL" information or items that it produces in disclosures or in responses to discovery.

3.6. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are exchanged, produced, or generated in disclosures or responses to discovery in this matter.

3.7. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

3.8. <u>In-House Counsel</u>: attorneys who are employees of a party to this Action and their support staff. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10. <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

3.11. <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and supporting attorneys and staff).

3.12. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing deposition transcripts, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as defined in section 3.3.

3.15. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

from a Producing Party.

4. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

5. <u>DURATION</u>

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party and within 60 days of such request, return all confidential information to the party that produced the information, including

any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. To the extent parties or counsel are subpoenaed for any confidential materials or information, they must notify the other party and may retain the confidential materials or information until a resolution of any objections to the subpoena or motions for protective order.

6. DESIGNATING PROTECTED MATERIAL

   6.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Where reasonably practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation. The designation of material as confidential shall constitute a representation to the Court that the designating party and its counsel believe in good faith that the information constitutes confidential information. Parties and non-parties shall make a good faith effort to designate information in a way that provides the greatest level of disclosure

possible, while still preserving the confidentiality of confidential information. Mass, indiscriminate, or routinized designations are strictly prohibited.

6.2. <u>Manner and Timing of Designations</u>. Any Producing Party, or Non-Party recipient of a discovery request/subpoena, may designate Disclosure or Discovery Material as "Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary or commercially sensitive information that requires protections provided in this Order. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced, as follows:

a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party will affix at a minimum, the words "CONFIDENTIAL"" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, to the extent reasonably practicable, the Producing Party will identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

b) For original documents that are made available for inspection, the Discovery Material need not be designated for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the words "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, to the extent reasonably

practicable, the Producing Party will identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

      c)      A deposition or portions of a deposition must be designated as containing confidential information subject to the provisions of this Order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings. A party will have until fourteen (14) days after any party in the case has received a copy of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL." For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the words "CONFIDENTIAL." For protected information produced in native format (such as an Excel spreadsheet), the Producing Party shall include "CONFIDENTIAL" in the file name. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

      6.3.    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, and may be remedied by supplemental written notice upon discovery of the disclosure. Upon correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      7.1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      7.2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

resolution process under Local Rule 37-1 *et seq*.

7.3. <u>Joint Stipulation</u>. If the parties are unable to reach a resolution after meeting and conferring, any submission made to the Court for relief shall be in accordance with Local Rule 37-2.

7.4. <u>Burden.</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. In the event the Court rules (and any efforts to appeal that ruling is exhausted) that the challenged material is not Confidential, and/or orders the challenged material to be re-produced with a different level of confidentiality, the Designating Party shall reproduce copies of all materials so designated with the appropriate label (or without label) at the Designating Party's expense within 21 days or as otherwise ordered by the Court.

7.5. <u>Fees.</u> If a challenging party successfully challenges a confidentiality designation and the Court rules that the designation was either clearly unjustified or made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process, or to impose unnecessary expenses and burdens on other parties), the challenging party shall be entitled to all attorney fees incurred in connection with challenging the unjust or improper confidentiality designation.

8. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, including sections 8.2 and 8.3. When the Action has been terminated, a Receiving Party must comply with the provisions of section 5.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, and Other Outside Counsel;

b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c) claim attorneys and claim representatives of any insurance carrier(s) which may potentially be obligated to indemnity any party in the Action;

d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e) the Court and its personnel;

f) court reporters and their staff;

g) professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

h) Professional Vendors, provided that Counsel retaining them instructs them not to disclose any confidential material to third parties and to immediately return or destroy all originals and copies of any confidential material as appropriate;

i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

j) present or former employees of the Producing Party in connection with

their depositions in this action (provided that no former employees shall be shown documents prepared before the start of their employment with the Producing Party or after the date of their departure);

      k)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

      l)     Any actual or potential witness in the action;

      m)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

      n)     Any other person as to whom the producing party has consented to disclosure in advance and in writing.

      8.3.    <u>Own Documents</u>. Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

      8.4.    <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Before a Party files Protected Material or makes a filing that discusses or references the content, subject matter, or nature of Protected Material designated as such by the other Party, the filing Party shall confer with the Designating Party in accordance with Civil Local Rule 79-5.2.2(b).

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR INVESTIGATIONS</u>

1   If a Party is served with a document request, a subpoena, or a court order issued
2   in other litigation or an investigation by any federal, state, or local government agency,
3   department, or other entity that compels disclosure of any information or items
4   designated by another Party in this Action as "CONFIDENTIAL" the served Party
5   must:

6       (a)   promptly notify in writing the Designating Party. Such notification shall
7   include a copy of the document request, subpoena, or court order;

8       (b)   promptly notify in writing the party who caused the subpoena or order to
9   issue in the other litigation that some or all of the material covered by the subpoena or
10  order is subject to this Stipulated Protective Order. Such notification shall include a
11  copy of this Stipulated Protective Order; and

12      (c)   cooperate with respect to all reasonable procedures sought to be pursued by
13  the Designating Party whose Protected Material may be affected.

14  If the Designating Party timely seeks a protective order, the Party served with the
15  subpoena or court order shall not produce any information designated in this action as
16  "CONFIDENTIAL" before a determination by the court from which the subpoena or
17  order issued, unless the Party has obtained the Designating Party's permission. The
18  Designating Party shall bear the burden and expense of seeking protection in that court
19  of its confidential material and nothing in these provisions should be construed as
20  authorizing or encouraging a Receiving Party in this Action to disobey a lawful
21  directive from another court.

22  **10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**
23      **IN THIS ACTION**

24      a)   The terms of this Order are applicable to information produced by a Non-
25  Party in this Action and designated as "CONFIDENTIAL." Such information
26  produced by Non-Parties in connection with this Action is protected by the remedies
27  and relief provided by this Order. Nothing in these provisions should be construed as
28  prohibiting a Non-Party from seeking additional protections.

b)   In the event that a Party is required, by a discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non- Party, if requested.

c)   If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. <u>UNINTENTIONAL OR INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to a Receiving Party that certain unintentionally or inadvertently produced material is subject to a claim of privilege or other protection (including, but not limited to, the attorney-client privilege and work-product doctrine), the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Fed. R. Evid. 502(d), the production of a privileged, work-product-protected, or otherwise protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal, state, or regulatory proceeding. If possible, the Producing Party must substitute the inadvertently produced document with one that redacts the information subject to the claimed protections. The Parties must confer in a good faith attempt to resolve any disputes subject to this section before seeking court intervention. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

13. MISCELLANEOUS

13.1. <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, including designation of certain documents as "Attorneys' Eyes Only."

13.2. <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14. Any violation of this Order may be punished by any and all appropriate

measures including, without limitation, contempt proceedings, and/or monetary sanctions.

Dated: June 20, 2024  Respectfully Submitted.

By: _____
A. Lorraine Weekes
Kevin Kneupper
Cyclone Covey
KNEUPPER & COVEY, PC
Attorneys for Plaintiff Kendrick Davis and the Class

By: _____
Raymond B. Kim
MEYLAN DAVITT JAIN AREVIAN & KIM LLP
Attorney for Defendants Clients on Demand, LLC and Russell Ruffino

SO ORDERED, this 25th day of June, 2024.

_____
Honorable Stephanie S. Christensen
United States Magistrate Judge

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Raymond B. Kim, hereby attest that A. Lorraine Weekes, on whose behalf this filing is also submitted, has concurred in the content of this [Proposed] Stipulated Protective Order and have authorized its filing.

Dated: June 20, 2024                    Respectfully Submitted.


By: _____
Raymond B. Kim
MEYLAN DAVITT JAIN AREVIAN & KIM LLP
Attorney for Defendants CLIENTS ON DEMAND, LLC and RUSSELL RUFFINO

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], have read and understand the Stipulated Protective Order that was issued in this Action by the United States District Court for the Central District of California. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. In compliance with this Order, I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the sole purpose of interpretation and enforcement of the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this \_\_ day of _____ , 20\_\_, at _____ [insert city and state where sworn and signed].

Signature: _____